IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILLIP DWAYNE FULLER,  :
    Plaintiff  :
    vs.  :   CIVIL NO. 1:CV-07-1433
      :   (Judge Caldwell)
UNITED STATES OF AMERICA, *et al.*,  :
    Defendants  :

*M E M O R A N D U M*

I.   *Introduction*

    The pro se plaintiff, Phillip Dwayne Fuller, a federal inmate formerly housed at USP-Allenwood, White Deer, Pennsylvania filed this complaint pursuant to the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 2671-2680. Fuller alleges that on September 6, 2006, Bureau of Prisons (BOP) staff failed to protect him from assault by inmate Richard Vardenski, whom they knew to be a threat to his safety.

    We are considering the motion for summary judgment filed by the United States.[1] The government contends that Fuller has failed to state a prima facie case of negligence and that,

---

[1] Fuller had named both the United States and Jonathan C. Miner, Allenwood's warden, as defendants. Upon Defendants' motion to dismiss, we dismissed Warden Miner because individuals are not proper defendants in an FTCA claim.

alternatively, he is barred from recovery due to the comparative negligence statute. We will grant the motion because there is no evidence in the record to support the conclusion that any Allenwood officials or officers were aware that Plaintiff was in danger from the other inmate.

II.     *Background*

Fuller did not see Vardenski from December 16, 2005, until September 6, 2006. (Def.'s Statement of Material Facts ¶ 81).[2] On September 6, 2006, Officer Brennan and Office Brown escorted Vardenski and Fuller from the SHU to the side door of the Health Services Unit for treatment. (*Id*. ¶ 82). Each inmate was restrained in handcuffs, a martin chain, and leg irons. (*Id*. ¶ 83). As Vardenski and Fuller were being escorted to the Health Services Unit, they engaged in casual conversation. (*Id*. ¶ 84). At no time did Fuller appear to be in distress or indicate to the escorting officers that there was a threat to his safety. Had Fuller advised either officer that Vardenski posed a threat to his safety, they would have acted in accordance with policy and not placed Fuller in the holding area with Vardenski. (*Id*. ¶¶ 85-86). Once the officers secured the two inmates in the holding area of

---

[2] Plaintiff did not file any evidentiary material in opposition to Defendant's motion, so Defendant's version of events is the record for summary judgment purposes.

the Health Services Unit and turned away to notify Health Services of their arrival, Vardenski somehow pulled his hands from his restraints and struck Fuller in the face. (*Id*. ¶¶ 87 and 89). Staff immediately responded and removed both inmates from the cell, and Vardenski was placed on the ground. (*Id*. at ¶ 90). Fuller admitted during his deposition that the first time he saw Vardenski he was in handcuffs and that he did not notify any of the four corrections officers around him of Vardenski: "[n]o, I didn't." (*Id*. at ¶ 88). When asked how the escorting corrections officers would have known that Vardenski was a threat to him, Fuller replied, "I don't know the answer to that. I don't know how he would know." (*Id*. ¶ 91).

III. *Standard of Review*

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to nonmoving party. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

IV.  *Discussion*

The only claim pending in this matter is Fuller's FTCA claim against the United States.  The FTCA authorizes inmates "to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee."  *United States v. Muniz*, 374 U.S. 150, 150, 83 S.Ct. 1850, 1851, 10 L.Ed.2d 805 (1963).  Liability under the FTCA is controlled by state law.  *See* 28 U.S.C. § 1346(b); *Berman v. United States*, 205 F. Supp. 2d 362, 364 (M.D. Pa. 2002).  To demonstrate a prima facie case for negligence under Pennsylvania law, a plaintiff must demonstrate four elements: "(1) a duty or obligation recognized by law; (2) a breach of the duty; (3) causal connection between the actor's breach of the duty and the resulting injury; and (4) actual loss or damage suffered by the complainant."  *Cooper v. Frankford Health Care System*, 960 A.2d 124, 140 n.2 (Pa. Super. 2008)(citing *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007)).  "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances."  *Martin v Evans*, 551 Pa. 496, 711 A.2d 458, 461 (1998).  Fuller has the initial burden of proving by a preponderance of the evidence that the defendant's act or omission deviated from the general standard

of care under the circumstances and that the deviation proximately caused actual harm. (*Id.*)

The United States' duty of care owed to a federal prisoner is set forth in 18 U.S.C. § 4042. Although "[t]he Government is not an insurer of the safety of a prisoner," the BOP must exercise ordinary diligence to keep prisoners safe and free from harm. *Jones v. United States*, 534 F.2d 53, 54 (5th Cir. 1976); *see also Hossic v. U.S.*, 682 F. Supp. 23, 25 (M.D. Pa. 1987) (noting that 18 U.S.C. § 4042 (1979) establishes "ordinary diligence" standard of care for prisoner negligence suits under the FTCA); *Hall v. United States*, No. 1:CV-06-1627, 2008 WL 919606, at *6 (M.D. Pa. April 2, 2008)(same). Prison officials are therefore obliged "to exercise reasonable care and diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him." *Hossic*, 682 F. Supp. at 25 (quoting *Muniz*, 280 F. Supp. at 547).

In the case at bar, the United States does not dispute that it owed a duty to protect Fuller from known dangers. (Doc. 54 at R. 6). It is undisputed that the BOP's request to transfer Fuller to another facility was denied by the Regional Office because Fuller did not identify the inmate or inmates he owed money to or those who posed a threat to his safety. (DSMF ¶¶ 49-53). Nowhere in the record before the Court is there any evidence

to suggest that prior to September 6, 2006, Fuller identified Vardenski as posing a threat to his safety. (*Id*. ¶¶ 57-70).

More importantly, with respect to the day of the incident, September 6, 2006, there is no evidence in the record to suggest that his escorts knew or should have known that Vardenski was a threat to Fuller's safety. The uncontradicted evidence in the record demonstrates that the two escorting officers observed Vardenski and Fuller conversing during their transport from the SHU to the medical unit without Fuller exhibiting any signs of distress during the journey. Fuller admits that when he first saw Vardenski he did not say anything or notify the officers around him of a possible threat to his safety. While Fuller says he was speechless and/or shocked when he first saw Vardenski, this does not explain how he was able to converse with Vardenski but unable to alert the officers of the threat to his safety. The first time Fuller identifies Vardenski as someone he feared is after the incident occurred. Prior to that, the record fails to reveal any information suggesting prison officials, and more importantly, the transporting officers who placed Fuller in close proximity to Vardenski knew or should have known in advance of the assault that Vardenski posed a substantial risk of harm to Fuller. There is no evidence in the record that Fuller was to be separated from Vardenski, or that prison officials should have been aware of the

need for such a separation order prior to September 6, 2006.
Without such evidence, the United States cannot be held to have
breached any legal duty to Fuller or that such breach proximately
caused Fuller's injuries.  Fuller's unsupported allegations, in
the face of the post-discovery summary-judgment record, do not
create an issue of material fact.

      We will issue an appropriate order.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: May 22, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILLIP DWAYNE FULLER, :
:
    Plaintiff :
: CIVIL NO. 1:CV-07-1433
    vs. :
: (Judge Caldwell)
UNITED STATES OF AMERICA, *et* :
*al.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 22nd day of May, 2009, for the reasons set forth in the accompanying memorandum, it is hereby ordered that:

    1. Defendant's Motion for Summary Judgment (Doc. 49) is granted.

    2. Plaintiff's Motion to Deny Summary Judgment (Doc. 55) is denied.

    3. The Clerk of Court shall enter judgment in favor of the defendant, the United States, and against Plaintiff and close this file.

                               /s/William W. Caldwell
                               William W. Caldwell
                               United States District Judge